UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven M. Kurenitz and<br>Maryanne Kurenitz,<br>Plaintiffs,<br><br>v.<br><br>Stellar Recovery, Inc.,<br>Defendant. | COMPLAINT AND<br>DEMAND FOR A JURY TRIAL |

INTRODUCTION

1.     This is an action for damages brought by Steven and Maryanne Kurentiz against Stellar Recovery, Inc. for its repeated violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq., Minnesota's auto dialer law, Minn. Stat. 325E.27, and invasion of Plaintiffs' privacy.

JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District because the relevant acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

PARTIES

4.     Plaintiff, Steven M. Kurentiz, is a natural person who resides in the City of Elk River, County of Sherburne, and State of Minnesota. He is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C.

§§ 1692a(3) and 1692k.

5. Plaintiff, Maryanne Kurentiz, is a natural person who resides in the City of Elk River, County of Sherburne, and State of Minnesota. She is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k.

6. Defendant, Stellar Recovery, Inc., is a Florida corporation engaged in the business of collecting debts in Minnesota. Defendant's principal place of business is located at 1845 Highway 93 South, Suite 310, Kalispell, Montana, 55901. Defendant is a "debt collector" as that term is defined under 15 U.S.C. 1692(a)(6).

## FACTUAL ALLEGATIONS

7. Sometime prior to July 1, 2011, Plaintiffs' son, Ryan Kurenitz, allegedly incurred a financial obligation, namely, an account with Comcast ("the Debt" or "alleged Debt").

8. The alleged Debt was a financial obligation that was primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Upon information and belief, on or around July 1, 2011, the Debt was assigned, placed or otherwise transferred to Defendant for collection.

10. Throughout the months of July 2010 to December 2011, Defendant made approximately 100 phone calls to Plaintiffs' home telephone number in an attempt to collect the Debt.

11. Each telephone call Defendant made to Plaintiffs' home telephone number

2

was made using an "automatic dialing-announcing device," as defined by Minn. Stat. 325E.26, subd. 2.

12. When Plaintiffs answered Defendant's phone calls, Plaintiffs were greeted with a pre-recorded and/or synthesized voice. The voice would state, "We have an urgent message for Ryan Kurenitz." The first time Plaintiffs answered Defendant's phone call, they were alarmed because they believed the phone call may be related to the wellbeing and safety of their granddaughter.

13. The synthesized voice would ask Plaintiffs to answer a series of question by pressing the numbers on their phone. The synthesized voice asked Plaintiffs, "is this Ryan Kurentiz?" The next question asked, "Does Ryan Kurentiz live at this residence?" The synthesized voice would continue to ask Plaintiffs questions that attempted to locate Ryan Kurentiz. Plaintiffs answered all the questions, indicating that their phone number did not belong to Ryan Kurentiz and he did not live with them.

14. After answering all the questions asked by the synthesized voice, the voice asked for Plaintiffs to hold the line. After a long wait, a live debt collector employed by Defendant would come onto the line and ask for Ryan Kurentiz. Plaintiffs would explain that they had answered "no" to each of the automated questions asking if Ryan Kurenitz lived at their residence. Plaintiffs explained to the debt collector that Ryan Kurenitz did not live with them. The debt collector promised Plaintiffs on several occasions that they would remove Plaintiffs' telephone number from their automated dialer.

15. Despite the promises of Defendant's employees, Plaintiffs continued to receive Defendant's automated telephone calls.

16. On approximately 10 occasions, Plaintiff Steven Kerentiz explained to Defendant's employees that his son, Ryan Kurenitz, did not live at their home and that their phone number did not belong to him. Steven Kurenitz asked to have his number removed. On each occasion, Defendant's employees stated that Plaintiffs' phone number would be removed from their system.

17. On October 24, 2011, at 8:30 p.m., Defendant made a phone call to Plaintiffs' home telephone number. Plaintiff, Steven Kurenitz, answered the phone and heard the same synthesized voice message that he had heard during numerous prior phone calls. The voice declared that Defendant had an important message for Ryan Kurenitz. Plaintiff was very angry at this point and told the Defendant's employee that they were violating the law by continuing to call Plaintiffs.

18. Ryan Kurenitz repeatedly told Defendant to stop calling his parents' home telephone. Ryan Kurentiz explained to Defendant's employees that they had his cellular telephone in their system and, therefore, there was no reason for them to continue calling his parents. On several occasions, Defendant's employees told Ryan Kurenitz that they would remove Plaintiffs' phone number from their automatic dialing-announcing device.

### *"Spoofing" – Caller Identification Fraud*

19. Throughout the period of time Defendant attempted to collect the Debt from Plaintiffs, Defendant's automatic dialing system created and displayed on Plaintiffs' caller identification system a telephone number with a Minnesota area code, specifically (651) 319-9484.

20. Defendant does not maintain a debt collection agency or call center in the

state of Minnesota or within the geographical area that is assigned a "651" area code.

21.   Plaintiffs believed they were receiving a phone call from a local, Midwest person or business when Defendant initially began attempting to collect the Debt.

22.   Upon information and belief, Defendant uses a telephone system that displays fictitious, local telephone numbers of the geographical area where a debtor they are attempting to collect from resides. This practice is called "spoofing."

### *Emotional Distress*

23.   As a result of Defendant's repeated violations of the FDCPA, Minnesota's autodialer law, and invasions of privacy, Plaintiffs have suffered actual damages in the form of emotional distress, anger, anxiety, fear, frustration, humiliation, embarrassment, among other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692

24.   Plaintiffs repeat and incorporate by reference paragraphs 1 - 23.

25.   Defendant violated the FDCPA, 15 U.S.C. § 1692, in their attempts to collect the Debt from Plaintiffs. Defendant's violations include, but are not limited to, the violations described in Paragraphs 26 – 31 of this Complaint.

26.   Defendant violated 15 U.S.C. § 1692b by communicating with Plaintiffs on more than one occasion in an attempt to collect the alleged Debt.

27.   Defendant violated 15 U.S.C. § 1692c(b) by communicating with Plaintiffs,

who are not the consumer, in an attempt to collect the alleged Debt.

28.    Defendant violated 15 U.S.C. §§ 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse Plaintiffs in connection with the collection of the alleged Debt.

29.    Defendant violated 15 U.S.C. §§ 1692d(6) by causing Plaintiffs telephone to ring and engaging Plaintiff in telephone conversation repeatedly and continuously with the intent to annoy, abuse and harass Plaintiffs.

30.    Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the alleged Debt.

31.    Defendant violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692f by using a telephone dialing system that displayed an incorrect area code and phone number on Plaintiffs' caller identification system.

## COUNT II.
### VIOLATIONS OF MINNESOTA'S AUTOMATIC DIALING-ANNOUNCING DEVICES LAW
### MINN. STAT. § 325E.27

32.    Plaintiffs incorporate by reference all the paragraphs of this Complaint as though fully stated herein.

33.    The use of autodialed messages using a pre-recorded and/or synthesized voice during the message is regulated, and in most cases prohibited by Minnesota law, unless there is an existing business relationship between the caller and the telephone subscriber. Minn. Stat. § 325E.26.

34.    Plaintiffs are telephone "subscriber(s)" as that term is defined by Minn. Stat. § 325E.26, sudb. 5.

35. Defendant is a "caller" as that term is defined by Minn. Stat. § 325E.26, subd. 3.

36. There was no preexisting business or personal relationship between Plaintiffs and Defendant.

37. Plaintiffs did not knowingly or voluntarily request, consent to, permit, or authorize the receipt of any messages from Defendant through the use of any "automatic dialing announcing device" as that term is defined by Minn. Stat. § 325E.26, subd. 2.

38. Defendant's use of an automatic dialing-announcing device to transmit information to Plaintiffs and using multiple prerecorded and/or synthesized voice messages to communicate with Plaintiffs, without their consent or a statutory right, constitutes numerous and multiple violations of Minn. Stat. § 325E.27.

39. As a result of Defendant's violations of Minn. Stat. § 325E.27, Plaintiff is entitled to all the penalties and remedies, including a private right of action to recover Plaintiffs' damages and reasonable attorney's fees and costs, as provided under Minn. Stat. §8.31

## COUNT III.
### INVASION OF PRIVACY BY INTRUSION ON SECLUSION

40. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

41. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

7

**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

42. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

43. Defendant intentionally caused harm to Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiffs' right to privacy.

44. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and or private concerns or affairs.

45. These intrusions and invasions by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

46. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

**THEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant for the following:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- For such other and further relief as may be just and proper;

### COUNT II.
### VIOLATIONS OF MINNESOTA'S AUTOMATIC DIALING-ANNOUNCING DEVICES LAW MINN. STAT. § 325E.27

- For an award of all penalties and remedies, including actual damages against Defendant for its violations of Minn. Stat. § 325E.27 and reasonable attorney's fees and costs provided under Minn. Stat. § 8.31;

- And such other and further relief as may be just and proper;

### COUNT III.
### INVASION OF PRIVACY BY INTRUSION ON SECLUSION

- For an award of actual damages from Defendant for the emotional distress suffered as a result of the invasions of privacy in an amount to be determined at trial; and

- For such other and further relief as may be just and proper.


Respectfully Submitted,

**HEANEY LAW FIRM, LLC**

Date: **January 31, 2012**          s/ Mark L. Heaney
                                    Mark L. Heaney
                                    Attorney I.D. #0333219

             13911 Ridgedale Drive, Suite 110
             Minnetonka, Minnesota 55305-1773
             Telephone: (952) 933-9655
             Facsimile:  (952) 544-1308
             Email: mark@heaneylaw.com
             ***Attorney for Plaintiff***