UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN M. KURENITZ <br><br> and <br><br> MARYANNE KURENITZ <br><br> Plaintiffs, <br><br> v. <br><br> STELLAR RECOVERY, INC. <br><br> Defendant. | Case No. 12-CV-00246-PJS-JJK |

## ANSWER

COMES NOW Defendant, Stellar Recovery, Inc., (hereinafter "Stellar") by and through its undersigned counsel, and for its Answer to Plaintiffs' Complaint states and alleges as follows:

## INTRODUCTION

1. Stellar admits that Plaintiffs' Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), Minnesota's Auto-Dialer Law, Minn. Stat. 325E.27, et seq. (hereinafter "MADL"), and invasion of Plaintiffs' privacy, but denies any such violation has occurred or that Plaintiffs have any right to relief herein.

## JURISDICTION

1994332v1

1

2. Stellar admits that generally, jurisdiction of this Court is appropriate pursuant to 28 U.S.C. §§ 1331 and §1337, and 15 U.S.C. § 1692k(d), and that supplemental jurisdiction over the state law claims is generally appropriate pursuant to 28 U.S.C. § 1367, but denies that Plaintiffs have any right to relief herein.

3. Stellar admits that it conducted business in this Judicial District, and that the acts and transactions alleged in Plaintiffs' Complaint would have occurred in this Judicial District, but Stellar denies that the acts, transactions, and violations occurred, and denies that Plaintiff has any right to relief herein.  Stellar further states that it lacks sufficient information and knowledge to admit or deny the remaining allegations in Paragraph 3 of Plaintiffs' Complaint, and therefore, denies the same for the present time.

**PARTIES**

4. Stellar lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 4 of Plaintiffs' Complaint, and therefore, denies the same for the present time.  To the extent that Paragraph 4 of Plaintiffs' Complaint draws legal conclusions under the FDCPA or Minnesota law, or suggests that Stellar violated the FDCPA or Minnesota law, Stellar denies those allegations.

5. Stellar lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 5 of Plaintiffs' Complaint, and therefore, denies the same for the present time.  To the extent that Paragraph 5 of Plaintiffs' Complaint draws legal conclusions under the FDCPA or Minnesota law, or suggests that Stellar violated the FDCPA or Minnesota law, Stellar denies those allegations.

6. Stellar admits that it is a Florida corporation engaged in the business of collecting debts. Stellar denies that its principal place of business is located at the address referenced in Paragraph 6 of Plaintiff's Complaint, and for purposes of clarification states that its principal place of business is located at 1327 Highway 2 West, Suite 100, Kalispell, Montana 59901. Stellar further states that while at times it may be a "debt collector" as defined by the FDCPA, it lacks sufficient information and knowledge to admit or deny that it was a "debt collector" as defined by the FDCPA in this matter, and therefore, denies the same for the present time.

**FACTS**

7. Stellar admits that sometime prior to July 1, 2011, Ryan Kurenitz incurred a financial obligation to Comcast. Stellar denies the remaining allegations in Paragraph 7 of Plaintiffs' Complaint.

8. Stellar lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 8 of Plaintiffs' Complaint, and therefore, denies the same for the present time.

9. Stellar denies the allegations in Paragraph 9 of Plaintiffs' Complaint.

10. Stellar denies the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. Stellar denies the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. Stellar denies the allegations in Paragraph 12 of Plaintiffs' Complaint.

13. Stellar denies the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. Stellar denies the allegations in Paragraph 14 of Plaintiffs' Complaint.

15. Stellar denies the allegations in Paragraph 15 of Plaintiffs' Complaint.

16. Stellar denies the allegations in Paragraph 16 of Plaintiffs' Complaint.

17. Stellar admits that on or about October 24, 2011, at 8:30 p.m., it called phone number *** *** 5259.  Stellar denies the remaining allegations in Paragraph 17 of Plaintiffs' Complaint.

18. Stellar admits that on or about November 1, 2011, Ryan Kurenitz requested that Stellar cease calls to phone number *** *** 5259, and that thereafter, Stellar did not make any further calls to phone number *** *** 5259.  Stellar denies the remaining allegations in Paragraph 18 of Plaintiffs' Complaint.

19. Stellar lacks sufficient information and knowledge to admit or deny the allegation in Paragraph 19 of Plaintiffs' Complaint concerning the phone number displayed on Plaintiffs' caller ID, and therefore, denies the same for the present time.

20. Stellar admits that it does not have a cell center in the state of Minnesota or within the geographical area that is assigned a "651" area code.  Stellar denies the remaining allegations in Paragraph 20 of Plaintiffs' Complaint.

21. Stellar denies the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. Stellar lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 22 of Plaintiffs' Complaint, and therefore, denies the same for the present time.

23. Stellar denies the allegations in Paragraph 23 of Plaintiffs' Complaint.

## COUNT I

24. Stellar reincorporates and re-alleges its responses to Paragraphs 1 through 23 above, as if fully set forth herein.

25. Stellar denies the allegations in Paragraph 25 of Plaintiffs' Complaint.

26. Stellar denies the allegations in Paragraph 26 of Plaintiffs' Complaint.

27. Stellar denies the allegations in Paragraph 27 of Plaintiffs' Complaint.

28. Stellar denies the allegations in Paragraph 28 of Plaintiffs' Complaint.

29. Stellar denies the allegations in Paragraph 29 of Plaintiffs' Complaint.

30. Stellar denies the allegations in Paragraph 30 of Plaintiffs' Complaint.

31. Stellar denies the allegations in Paragraph 31 of Plaintiffs' Complaint.

## COUNT II

32. Stellar reincorporates and re-alleges its responses to Paragraphs 1 through 31 above, as if fully set forth herein.

33. Paragraph 33 of Plaintiffs' Complaint does not make any allegations to which a response is required. To the extent that Paragraph 33 suggests that Stellar violated Minnesota law, Stellar denies those allegations.

34. Stellar denies the allegations in Paragraph 34 of Plaintiffs' Complaint.

35. Stellar denies the allegations in Paragraph 35 of Plaintiffs' Complaint.

36. Stellar denies the allegations in Paragraph 36 of Plaintiffs' Complaint.

37. Stellar denies the allegations in Paragraph 37 of Plaintiffs' Complaint.

38. Stellar denies the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. Stellar denies the allegations in Paragraph 39 of Plaintiffs' Complaint.

## COUNT III

40. Stellar reincorporates and re-alleges its responses to Paragraphs 1 through 39 above, as if fully set forth herein.

41. Stellar denies the allegations in Paragraph 41 of Plaintiffs' Complaint.

42. Stellar denies the allegations in Paragraph 42 of Plaintiffs' Complaint.

43. Stellar denies the allegations in Paragraph 43 of Plaintiffs' Complaint.

44. Stellar denies the allegations in Paragraph 44 of Plaintiffs' Complaint.

45. Stellar denies the allegations in Paragraph 45 of Plaintiffs' Complaint.

46. Stellar denies the allegations in Paragraph 46 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

47. Stellar reincorporates and re-alleges its responses to Paragraphs 1 through 46 above, as if fully set forth herein.

48. Stellar denies that Plaintiffs are entitled to any damages, fees, costs, other awards, or findings in their favor, as requested in Plaintiffs' Prayer for Relief.

## JURY TRIAL DEMAND

49. Stellar reincorporates and re-alleges its responses to Paragraphs 1 through 48 above, as if fully set forth herein.

50. Stellar denies that Plaintiffs have any claim herein, and therefore, denies that Plaintiffs are entitled to a Trial by Jury as alleged in their Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the doctrine of unclean hands.

3. Defendant Stellar affirmatively states that it maintains thorough training procedures for all employees who participate in collection communications.  Any collection

communication, which may have allegedly violated the FDCPA or Minnesota law, may be subject to a bona fide error defense.

4. Defendant Stellar affirmatively states that it received prior express consent to call \*\*\* \*\*\* 5259.

5. Defendant Stellar affirmatively states that Plaintiffs were not charged for its calls.

6. Stellar reserves the right to assert any other affirmative defenses as revealed within the discovery process.

WHEREFORE, Stellar prays that Plaintiffs' Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Dated: April 11, 2012.

By: s/ James R. Bedell
Michael S. Poncin, (#296417)
James R. Bedell, (#351544)
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone: (612) 877-5000
Facsimile: (612) 877-5999
PoncinM@moss-barnett.com
BedellJ@moss-barnett.com

*Attorneys for Defendant Stellar Recovery, Inc.*