UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven M. Kurentiz and<br>Maryanne Kurenitz,<br>Plaintiffs,<br><br>v.<br><br>Stellar Recovery, Inc.,<br>Defendants. | Civil No. 12-CV-00246 (PJS/JJK)<br><br><br>**Rule 26(f) Report** |

The parties/counsel identified below participated in the meeting required by Fed.R.Civ.P. 26(f), on April 24, 2012, and prepared the following report.

The pretrial conference in this matter is scheduled for May 21, 2012, at 3:00 p.m., before United States Magistrate Judge Jeffrey J. Keyes in Courtroom 6A, United States District Court, Warren E. Burger Federal Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

A.  **DESCRIPTION OF CASE**

 1.  Concise Factual Summary of Plaintiff's Claims;

**Plaintiffs allege that the Defendant, Stellar Recovery, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, ("FDCPA"), violated Minnesota's Automatic Dialing-Announcing Device law, Minn. Stat. § 325E.27, and invaded Plaintiffs' privacy by intruding on their seclusion when Defendant repeatedly made telephone calls to Plaintiffs' home telephone in an attempt to collect a Debt that did not belong to Plaintiffs. Defendant used an "automatic dialing announcing device"**

and pre-recorded voice in each telephone call made to Plaintiffs in violation of Minnesota law.

2. Concise Factual Summary of Defendant's claims/defenses;

Defendant alleges that it did not violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, ("FDCPA") or invade Plaintiffs' privacy by intrusion upon seclusion because Defendant properly identified itself when it called Plaintiffs, Plaintiffs failed to notify Defendant that the account debtor did not reside at their residence, and Defendant reasonably believed that Plaintiffs failed to disclose correct and complete location information for the account debtor. Defendant further alleges that it did not violate Minnesota's Automatic Dialing-Announcing Device law, Minn. Stat. § 325E.27, because it received permission to call Plaintiffs' phone number in an attempt to reach the debtor. Defendant further alleges that Plaintiff was not charged for Defendant's calls, and that any violations alleged by Plaintiffs were the result of a *bona fide error*.

3. Statement of Jurisdiction (including statutory citations);

Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Summary of Factual Stipulations or Agreements;

None.

5. Statement of whether jury trial has been timely demanded by any party.

The Plaintiffs demanded a jury trial in their Complaint.

6. If the parties would like the case resolved under the Rules of Procedure for Expedited Trial of the United States District Court, District of Minnesota, a statement of the parties' agreement.

**The Parties do not wish to have the case resolved under the Rules of Procedure for Expedited Trial of the United States District Court.**

B. **DISCOVERY SCHEDULE/DEADLINES**

Pursuant to Fed.R.Civ.P. 26(f), the parties must prepare a discovery plan which is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed.R.Civ.P. 26(f)(3)(A)-(F) and design a discovery plan which is appropriate for the circumstances of this case. The details of the discovery plan should be set forth in the Rule 26(f) Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case. However, the parties are encouraged to reach agreement upon, and suggest to the Court, a discovery plan which takes into account the unique circumstances of the individual case. To the extent that the parties cannot reach agreement on any particular item about scheduling or discovery limitation, they should set forth their separate positions in the Rule 26(f) Report and this will be discussed at the Pretrial Conference:

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **May 8, 2012**.

2. All motions which seek to amend the pleadings or to add parties must be filed and served on or before **July 31, 2012**, **except motions to amend the**

**pleadings to add a claim for punitive damages, which shall be filed and served in accordance with the deadline for non-dispositive motions.**

3. Fact discovery shall be <u>commenced in time to be completed on or before</u> **February 8, 2013**.

4. No more than a total of **25 interrogatories**, counted in accordance with Rule 33(a), shall be served by each side. No more than **a reasonable number of document requests** and **requests for admissions** shall be served by each side.

5. No more than **six** depositions, excluding expert witness depositions, shall be taken by each side.

6. Non-dispositive motions and supporting documents, including those with relate to fact discovery, shall be filed and served on or before **February 15, 2013**.

7. Each side may call up to **two** expert witnesses. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosure required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

    a.   Identities by Plaintiff on or before **November 9, 2012**.

    Reports by Plaintiff on or before **December 7, 2012**.

    b.   Identities by Defendant on or before **December 7, 2012**.

    Reports by Defendant on or before **January 11, 2013**.

8. Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by **February 15, 2013**. All non-dispositive

motions and supporting documents which relate to expert discovery shall be filed and served on or before **March 8, 2013**.

9. No more than **one** Rule 35 medical examinations shall be taken on or before **February 15, 2013**.

## C. PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order. The parties are encouraged, though not required, to use Form 6 to the Local Rules as a template for the proposed Protective Order, they shall present with this report any issues of disagreement. The Court shall endeavor to resolve any issues relating to the Protective Order in connection with the pretrial conference.

## D. INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insure.

**Federal Insurance Company**

**$1,000,000.00 limit of coverage for acts before August 31, 2011**

**$3,000,000.00 limit of coverage for acts after August 31, 2011**

## E. DISPOSITIVE MOTION SCHEDULE

The parties recommend that dispositive motions be filed and served on or before **April 26, 2013**. For those cases assigned to Judges Magnuson, Kyle and Schlitz, this dispositive motion deadline will be for the filing, serving and <u>hearing</u> of the motion.

## F. TRIAL-READY DATE

The parties agree that the case will be ready for (search bench or jury) trial on or after **June 1, 2013**; the expected length of trial is **three** days.

## G. SETTLEMENT

1. The parties will discuss settlement before **May 21, 2012**, the date of the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

2. The parties believe that a settlement conference is appropriate and should be scheduled to be held by the Court before: **The parties will contact the Magistrate when they believe that a settlement conference with be productive toward settlement.**

3. The parties have discussed whether alternative dispute resolution (ADR) will be helpful to the resolution of this case and recommend the following to the Court: **The parties do not believe that at this time that ADR will be helpful.**

## H. TRIAL BY MAGISTRATE JUDGE

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent should be filed with the Clerk of Court.)

**HEANEY LAW FIRM, LLC**

Dated: May 7, 2012

s/ Mark L. Heaney
Mark L. Heaney (Atty. No. 333219)
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota 55305

        Telephone: (952) 933-9655
        Facsimile: (952) 544-1308
        Email: mark@heaneylaw.com

***Attorney for the Plaintiff***

Dated: May 4, 2012         /s/ Benjamin N. Hutnick
        Benjamin N. Hutnick (KS Atty. No. 23666)
        Berman & Rabin, P.A.
        15280 Metcalf
        Overland Park, KS 66223
        P: (913) 649-1555
        F: (913) 652-9474
        bhutnick@bermanrabin.com
***Attorney for Defendant***